Lisa Jacobs
Pro Se
20 Colchester Road
Weston, MA 02493
(781)-899-9774

*FILED*
*IN CLERKS OFFICE*

*2005 MAR 30  P 4: 44*

*U.S. DISTRICT COURT*
*DISTRICT OF MASS*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS IN BOSTON

---------------------------------------------------------------x
LISA JACOBS

           Plaintiff,

v.

ROBERT VIDAVIR, PSYCHIATRY PRACTICE OF
ROBERT VIDAVIR, M.D., Esq., and LAW
PRACTICE OF ROBERT VIDAVIR, M.D., ESQ.

           Defendants

:
:
:
:  **JURY TRIAL DEMANDED**
:
:  05 - 10632
:  *Referred to MJ RB Collings*
:
:
:

---------------------------------------------------------------

## COMPLAINT FOR DAMAGES

Lisa Jacobs, pro se, brings this complaint for damages against defendants herein, and for reasons states:

### The Parties

1.  Lisa Jacobs ("Ms. Jacobs") is a citizen of the State of Massachusetts with a primary residence at 20 Colchester Road, Weston, Massachusetts 02493.

2.  Defendant Robert Vidavir, M.D., Esq. ("Vidavir") is a physician with a principal place of business at Cambridge Hospital, 1493 Cambridge St., Cambridge MA 02139. Mr. Vidavir is the principal of the Psychiatry Practice of Robert Vidavir, M.D., Esq..

3.	Defendant Robert Vidavir, M.D., Esq. ("Vidavir") is an attorney with a principal place of business at 289 Highland Ave. #401 Somerville MA 02144. Mr. Vidavir is the principal of the Law Practice of Robert Vidavir, M.D., Esq..

4.	Defendant Robert Vidavir, M.D., Esq. ("Vidavir") is on information and belief, a citizen and resident of the State of New Hampshire, with a primary long-standing permanent residence at 33 Highland Drive, Henniker, NH 03242.

5.	Defendant Robert Vidavir ("Vidavir") is, on information and belief, also a part time resident of the State of Massachusetts, with a residence at 289 Highland Ave., #401, Somerville MA 02144.

### Jurisdiction and Venue

6.	This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332(a)(1), as the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7.	Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

### General Allegations

8.	On or about December 26, 2001, Ms. Jacobs and Vidavir entered into an attorney client, a doctor patient, and personal relations.

9.	Vidavir's representation and care of Ms. Jacobs required Ms. Jacobs to share with Vidavir highly sensitive and confidential information concerning Ms. Jacobs' medical, employment, school, and personal history.

10.	Vidavir seduced and became romantically involved with Ms. Jacobs. His representation and care of Ms. Jacobs included romantic relations.

11.	Vidavir acted as an attorney and gave Ms. Jacobs legal advice.

12. Vidavir acted as a medical doctor and gave Ms. Jacobs medical advice.

13. Vidavir used his standing as a psychiatrist and an attorney to put forth his own personal interests above those of Ms. Jacobs who was his patient, client, and a woman with whom he was romantically involved.

14. Vidavir as a psychiatrist and an attorney put Ms. Jacobs in fear of imminent physical harm that she would be raped by a man, Jonathen Robbins who intended to marry and to have children with her. Vidavir used his standing as her psychiatrist and attorney to eliminate Ms. Jacobs from being romantically involved with Jonathen Robbins. The methods employed by Vidavir deviated from the standard of care and that deviation caused Ms. Jacobs to suffer harm. Vidavir caused her the loss of a marriage to Jonathen Robbins, the loss of children with Jonathen Robbins, the loss of companionship with Jonathen Robbins for a scheduled vacation, and the loss of Jonathen Robbins companionship for a scheduled birthday celebration.

15. Vidavir was malicious, deceitful, and dishonorable. He violated his agreements with Ms. Jacobs. He was not a man of his word. He was lacking in moral character and integrity. Vidavir used and emotionally abused Ms. Jacobs.

16. On January 18, 2005, Vidavir returned home to his apartment to find a single dart centered in his apartment door.

17. Vidavir did not see who put the dart in his door.

18. Vidavir observed no other darts in his door other than this single dart in his door.

19. Vidavir published defamatory statements about the Plaintiff to her detriment.

20. On or about January 18, 2005, Vidavir indicated via oral publication to Duncan Maccourt, M.D. that Plaintiff put a dart in his apartment door. In addition, Dr. Vidavir indicated via oral publication to Duncan Maccourt, M.D. that he diagnosed Plaintiff with the psychiatric

3

diagnosis of suffering from being sexually delusional. In terms of diagnosing Ms. Jacobs, Dr. Vidavir deviated from the standard of care, and misdiagnosed Ms. Jacobs. Duncan Maccourt, M.D. is a psychiatrist at the Cambridge Hospital in Cambridge, MA.

21.  On or about February 19, 2005, Vidavir indicated to Toby Markowitch that Plaintiff was leaving darts in his apartment door. Vidavir also indicated that he had diagnosed Ms. Jacobs as being sexually delusional. The defamatory statements deterred Toby Markowitch from dealing with Plaintiff. Toby Markowitch is a resident of Boston, MA.

22.  On or about January 28, 2005, Vidavir indicated to Virginia Sewall Vidavir that Plaintiff put a dart in his apartment door. Virginia Sewall Vidavir is a resident of Henniker, NH.

23.  On or about January 28, 2005, Vidavir indicated to Robert Vidavir, M.D. (an individual with the same name as Defendants, but who is a different individual than Defendants) that Plaintiff put a dart in his apartment door. Robert Vidavir, M.D. is a psychiatrist in Concord, NH.

24.  On March 11, 2005, Vidavir via oral publication indicated to Rebecca Blenkstein that Plaintiff had trespassed into his apartment building and left a dart at his apartment door.

25.  On or about the week of March 16, 2005, Vidavir indicated to Marshall Forstein, M.D. that Plaintiff put a dart in his apartment door. In addition, Vidavir indicated he diagnosed Plaintiff as suffering from being sexually delusional. Marshall Forstein, M.D. is the Director of the Psychiatry Residency Training Program at the Cambridge Hospital in Cambridge MA. Defendant had applied for employment at the Cambridge Hospital prior to March 16, 2005 which included but was not limited to the Psychiatry Residency Training Program. Plaintiff is not able to be employed at Cambridge Hospital given Defendant's defamatory statements.

4

26. On or about March 19, 2005, Vidavir indicated to Salon.com personal service that Plaintiff put a dart in his apartment door. On or about March 21, 2005, Salon.com personal services disabled Plaintiff's two personal accounts. Plaintiff lost the ability to use her two personal accounts. Plaintiff lost the services that she had paid for as well as the connections with those she knew from those accounts. Plaintiff lost the ability to continue her communications. Plaintiff suffered loss of affection. Plaintiff suffered the loss of money in the two different personal accounts.

27. The statements at issue are materially false statements of fact. Plaintiff did not put a dart in Vidavir's door. Plaintiff was not leaving darts in Vidavir's apartment door. Nor were darts put in Vidavir's door, but according to Vidavir a single dart was put in his door. Plaintiff was not sexually delusional.

28. The statements discredited the plaintiff and held plaintiff up to scorn, hatred, ridicule, and contempt in the minds of considerable and respectable segments of the community.

29. The statements harmed the reputation and business of Plaintiff who is a physician. The statements deterred persons from associating with her and brought her into disgrace, ridicule and contempt.

30. Vidavir indicated that Plaintiff had committed a crime, sexual misconduct, and was mentally ill suffering from being sexually delusional.

31. Plaintiff was an identifiable victim. Her name was mentioned and the defamatory messages were about her. Vidavir intended his words to refer to the plaintiff and they were so understood by those who heard them. The audience reasonably understood the words to refer to the plaintiff. Vidavir was negligent in publishing the words in such a way that they could be so understood. Vidavir knew the communication would be understood to refer to the plaintiff.

5

31. Vidavir was at fault.

32. Vidavir was negligent.

33. The plaintiff suffered damages as a result of the defamatory publications, including but not limited to the following: economic loss, mental suffering, emotional distress, humiliation, reputational harm, denial of employment, loss of services, monetary loss, prejudice in her profession, and prejudice in her business.

34. Vidavir also threatened to reveal privileged information concerning Ms. Jacobs including but not limited to privileged information that he had obtained as her attorney and physician in order to damage her, deny her employment opportunities, etc..

35. True to his threats, Vidavir damaged Ms. Jacobs. Vidavir provided Marshall Forstein, M.D., the Psychiatry Residency Program Director at the Cambridge Hospital information that Vidavir had obtained in his capacity as Ms. Jacobs' attorney and physician. This information included, inter alia, privileged information and client/patient secrets.

36. As a result of Vidavir's actions, Ms. Jacobs is denied employment at Cambridge Hospital, and her employment and educational prospects are decreased.

37. Vidavir thereafter continued to provide information to other relevant entities including attorney Joseph Amoroso, Esq. on or about March 18, 2005.

38. From on or about Dec. 26, 2005, Vidavir has taken every opportunity to denigrate Ms. Jacobs, using privileged information whenever it suits him to do so, without any regard for his obligations to his former client and patient. Vidavir used and abused Ms. Jacobs as well as caused her to loose a proposed marriage.

39. Moreover, Vidavir committed numerous other ethical breaches in representing and in caring for Ms. Jacobs, including, inter alia, using the parties' than existing personal

relationship to coerce dispositions that benefited Vidavir, but acted to the detriment of Ms. Jacobs.

## COUNT I – LEGAL MALPRACTICE

40. Jacobs re-alleges and incorporates all of the allegations set forth in paragraphs 1 through 39 above as if set forth in full in this Count I.

41. Vidavir agreed to represent Jacobs, and Jacobs had an attorney-client relationship with Vidavir. Defendant therefore had a duty to exercise reasonable care in the representation of Jacobs, including a duty to preserve client confidences both during and after the representation.

42. Vidavir's conduct and performance of his duties, including without limitation as alleged above, was conduct below the ordinary and reasonable skill and knowledge commonly possessed by members of the legal profession.

43. As a direct result of Vidavir's legal malpractice, Jacobs has suffered damages related to a loss of companionship, loss in reputation, job prospects, and educational prospects related to the unauthorized disclosures, the costs related to hiring counsel in the proceeding and related actions, emotional and physical damages, and other damages related to the representation. All told, Jacobs has been damaged in an amount to be determined at trial, but at least $75,001, exclusive of interest and costs.

## COUNT II – BREACH OF FIDUCIARY DUTY

44. Jacobs re-alleges and incorporates all of the allegations set forth in paragraphs 1 through 39 above as if set forth in full in this Count II.

45. Vidavir agreed to represent Jacobs, and Jacobs had an attorney-client relationship with Vidavir. Vidavir therefore had a fiduciary duty to Jacobs.

46. Vidavir's conduct as alleged herein breached his fiduciary duty owed to Jacobs.

47. As a direct result of Vidavir's breach of fiduciary duty, Jacobs has suffered damages related to a loss of companionship, loss in reputation, job prospects and educational prospects related to the unauthorized disclosures, the costs related to hiring counsel in the proceeding and related actions, emotional and physical damages, and other damages related to the representation. All told, Jacobs has been damaged in an amount to be determined at trial.

## COUNT III -- MEDICAL MALPRACTICE

48. Jacobs re-alleges and incorporates all of the allegations set forth in paragraphs 1 through 39 as if set forth in full in this count III.

49. Vidavir agreed to provide care to Jacobs, and Jacobs had a doctor patient relationship with Vidavir. Vidavir therefore had a standard of care to Jacobs.

50. Vidavir's conduct deviated from the standard and that deviation damaged Jacobs.

51. As a direct result of Vidavir's medical malpractice, Jacobs has suffered damages related to a loss of companionship, loss in reputation, job prospects, and educational prospects related to unauthorized disclosures, the costs related to hiring counsel in the proceeding and related actions, emotional and physical damages, and other damages related to the care. All told, Jacobs has been damaged in an amount to be determined at trial, but at least $75,001 exclusive of interest and costs.

## COUNT VI – DEFAMATION

52. Jacobs re-alleges and incorporates all of the allegations set forth in paragraphs 1 through 39 above as if set forth in full in this count VI.

53. Vidavir published defamatory statements about the plaintiff.

54. The statements at issue were materially false statements of fact.

55. Vidavir acted negligently and was at fault.

8

56. The plaintiff suffered damages as a result of the defamatory publications.

WHEREFORE, Jacobs respectfully requests that this Court enter judgment in favor of Jacobs and against Defendants Robert Vidavir, Psychiatry Practice of Robert Vidavir, M.D., Esq., and Law Practice of Robert Vidavir, M.D., Esq. as follows:

I. In respect to Count I, adjudging that Lisa Jacobs be awarded:

   (a) compensatory and punitive damages against all Defendants in an amount to be proven at trial and pre-judgment interest at the statutory rate;

II. In respect to Count II, adjudging that Lisa Jacobs be awarded:

   (a) compensatory and punitive damages against all Defendants in an amount to be proven at trial and pre-judgment interest at the statutory rate;

III. In respect to Count III, adjudging that Lisa Jacobs be awarded:

   (a) compensatory and punitive damages against all Defendants in an amount to be proven at trial and pre-judgment interest at the statutory rate

IV. In respect to Count IV, adjudging that Lisa Jacobs be awarded:

   (a) compensatory, special, and punitive damages against all Defendants in an amount to be proven at trial and pre-judgment interest at the statutory rate.

Plaintiff reserves the right to amend this complaint as discovery proceeds.

Dated: March 30, 2005

By: _____
Lisa Jacobs
Pro Se
20 Colchester Road
Weston, MA 02493
(781)-899-9774

PO Box 488
Weston MA 02493
March 30, 2005

Joseph Amaroso
161 Third St.
Cambridge MA 02141

Dear Mr. Amaroso:

Please provide notice that you will accept service on behalf of Robert Vidavir, M.D. in writing for both the Federal and Sommerville cases. Attached find my latest filings.

Also let me know whether or not your client will withdraw the restraining order. Thank you for your consideration.

Sincerely,

Lisa Jacobs, M.D.

Via certified mail with return receipt: 70042890000463321562

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LISA JACOBS

## DEFENDANTS
ROBERT VIDAVIR
PSYCHIATRY PRACTICE OF ROBERT VIDAVIR
LAW PRACTICE OF ROBERT VIDAVIR

**(b)** County of Residence of First Listed Plaintiff: Middlesex MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Merrimac NH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-10632

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LISA JACOBS, PRO SE
20 COLCHESTER RD. / PO BOX 488
WESTON MA 02493    781-899-9779

Attorneys (If Known)
JOSEPH AMOROSO
AUGUST SIMMONS
161 THIRD ST.
CAMBRIDGE, MA 02141
617-491-2112

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury  Legal Malpractice

PERSONAL INJURY
- ☒ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a)(1)  28 USC 1391(a)

Brief description of cause:
Defamation, Medical Malpractice, Legal Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > $75,001
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE: March 27, 2005
SIGNATURE OF ATTORNEY OF RECORD: Lisa Jacobs

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **LISA JACOBS VS ROBERT VIDAVIR, Psychiatry Practice of Robert Vidavir, & Law Practice of Robert Vidavir**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [ ]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **LISA JACOBS**
ADDRESS **20 Colchester Rd / PO Box 488 WESTON MA 02493**
TELEPHONE NO. **781-899-9774**

(CategoryForm.wpd - 2/15/05)