Lisa Jacobs
Pro Se
20 Colchester Road
Weston, MA 02493
(781)-899-9774

2005 MAR 31  P 5: 11

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS
----------------------------------------------------------------x
LISA JACOBS

                      Plaintiff,

v.                                               DOCKET NO. 05-CV-10632-DPW
                                            to be assigned:

ROBERT VIDAVIR, PSYCHIATRY PRACTICE OF
ROBERT VIDAVIR, M.D., Esq., and LAW
PRACTICE OF ROBERT VIDAVIR, M.D., ESQ.

                      Defendants

----------------------------------------------------------------

## FIRST SET OF PRODUCTION REQUESTS FROM PLAINTIFF TO DEFENDANTS

Pursuant to the law, Plaintiff requests that the Defendant produce to her answers to this first set of production requests within the specified time period as allowed by law in writing under oath to me.

## DEFINITIONS

As used in these interrogatories, the terms listed below are defined as follows:

1. The terms "you" or "your" refer to each of the Defendants and their employees, servants, agents, and attorneys, and includes every other individual who, as a representative of such party, can be required by the party to furnish documents or information.

2. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34(a), and it is to have the broadest possible

meaning thereunder. A draft or nonidentical copy is a separate document within the meaning of this term.

3. The term "communication" means conversations (whether face-to-face, by telephone or otherwise), e-mail, correspondence, memoranda, meetings, discussions, telegrams, releases, and all other means of exchanging or imparting information.

4. The terms "and" and "or" shall be either conjunctive or disjunctive; "all" means "any and all"; "including without limitation"; and "he" or any other masculine pronoun includes any individual regardless of gender.

5. When an interrogatory calls upon you to "state the basis" of a particular claim, assertion, allegation or conclusion in your pleadings, or in your answers to interrogatories, your answer should:

1. identify each and every document that forms, constitutes, evidences, relates, or refers to directly or indirectly any part of the source or your information regarding the alleged facts and your conclusion based thereon;

2. identify each and every oral communication that forms any part of the source of your information regarding the alleged facts and your conclusions; and

3. state separately the acts or omissions to act on the part of any person(s) that contributes to, or form the basis of, your information regarding the alleged facts and your conclusions, and identify the acts or omissions to act by stating their nature, time, place, and identifying the person(s) involved.

## INSTRUCTIONS

1. Plaintiff requests that you continue to supplement and amend your responses as prescribed by Mass. R. Civ. P. 26(e).

2. If an objection is made to an interrogatory, specify the precise ground of the objection and answer the rest of the question as fully to your ability.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the person responding to these interrogatories and state whether the person responding has consulted all records of Defendants and conferred with all agents, servants, and/or employees of Defendants regarding the matter before answering these interrogatories.

**INTERROGATORY NO. 2:**

Identify (a) each person who provided any information, directly or indirectly to answer these interrogatories (indicating by interrogatory number each answer for which such person provided information); (b) each person mentioned in your answers to these interrogatories.

**INTERROGATORY NO. 3:**

Provide the phone records and bills of Defendants from Dec. 1, 2004 through present.

**INTERROGATORY NO. 4:**

Provide the e-mail communications of Defendants from Dec. 1, 2004 through present.

**INTERROGATORY NO. 5:**

Provide certified copies of all medical, mental health, and employment records of the Defendants for the past 8 years.

**INTERROGATORY NO. 6:**

Provide certified copies of evidence of anything memorializing all communications that you had which included me to anyone and/or specifying the following:

    (a) the identity or identities of whom the communications were made to

    (b) the content of the communications that you made

3

(c) the date(s) that the communications were made on

(d) whether or not you obtained permission from me to have communications with the individual(s) prior to contacting them

**INTETRROGATORY NO. 7:**

Provide certified copies of any communications you made to salon.com and/or individual.

**INTERRROGATORY NO. 8:**

Provide certified copies of any documents that you contend support your allegation that the statements attributed to you are not defamatory.

**INTERROGATORY NO. 9:**

Provide a certified copy of your telephone, address, and schedule book.

**INTERROGATORY NO. 10:**

Provide a copy of any documents of any witness whom you will or may call as an expert to give opinion testimony in the trial of this matter.

**INTERROGATORY NO. 11:**

Provide a copy of any expert opinion reports and or communications between you and the expert.

**INTERROGATORY NO. 12:**

Provide a copy of any documents memorializing any retention agreements by Defendants in anticipation of litigation or in preparation for trial, but who are not expected to be called as a witness at trial.

**INTERROGATORY NO. 13:**

Provide a copy of any log, and or journal that you maintain concerning you and me.

**INTERROGATORY NO. 14:**

Provide any documents regarding the substance and dates of all conversations and/or communications whether oral or written, between you and any third party (excluding your attorney) about the matters at issue in this case.

**INTERROGATORY NO. 15:**

Provide a copy of each insurance agreement that may satisfy part of or all of a judgment that may be entered in this action, or that my indemnify or reimburse payments made to satisfy such a judgment, by stating the name and address of the insured, the dates of coverage, the name and address of the insurer and the policy limits.

**INTERROGATORY NO. 16:**

Provide a copy of anything that identifies by claimant, date, court, docket number and final disposition any and all complaints, claims, or legal actions against you or by you, including but not limited to your having left the scene of an accident with an injured party remaining there.

**INTERROGATORY NO. 17:**

Provide a copy of anything that memorializes the content of any communications that you made to Rebecca Blenkstein on what dates and what if any communications that she made to you.

**INTERROGATORY NO. 18:**

Provide a copy of any medical and or legal license that you have ever held or now hold to practice.

**INTERROGATORY NO. 19:**

Provide a copy of the employment contract between you and any other entity for whom you have worked since Dec. 1, 2004 including but not limited to Cambridge Hospital as well as employers who have employed you to moon-light.

**INTERROGATORY NO. 20:**

Provide a copy of anything showing an investigation, pre-cautions, and or actions that you took to safe guard my reputation prior to communicating that I put dart(s) in your door and/or that I left a dart at your door.

**INTERROGATORY NO. 21:**

Provide a copy of any communications from your employer to you since Dec. 1, 2004.

**INTERROGATORY NO. 22:**

Provide a copy of any communications from you to your employer or anyone else involving me since Dec. 1, 2004.

**INTERROGATORY NO. 23:**

Provide a copy of any U.S. Postal mail communication between you and me.

**INTERROGATORY NO. 24:**

Provide a copy of all telephone messages between you and me.

**INTERROGARORY NO. 25:**

Provide a copy of your phone records and bills for Highland Dr., Henniker, NH since Dec. 1, 2004.

By: _____
Lisa Jacobs
Pro Se
20 Colchester Road
Weston, MA 02493
(781)-899-9774

Dated: March 31, 2005

## CERTIFICATE OF SERVICE

I certify that on March 31, 2005 I served a copy of the within on the Plaintiff by hand to the Plaintiff's attorney of record, namely Joe Amaroso, August & Simmons, 161 Third St. Cambridge MA 02141.

14

Lisa Jacobs
Pro Se
20 Colchester Road
Weston, MA 02493
(781)-899-9774

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------------x
LISA JACOBS

      Plaintiff,

v.

            **DOCKET NO.**
            **to be assigned:**

ROBERT VIDAVIR, PSYCHIATRY PRACTICE OF
ROBERT VIDAVIR, M.D., Esq., and LAW
PRACTICE OF ROBERT VIDAVIR, M.D., ESQ.

      Defendants

-----------------------------------------------------------------

## FIRST SET OF INTERROGATORIES FROM PLAINTIFF TO DEFENDANTS

Pursuant to the law, Plaintiff requests that the Defendants answer these interrogatories within the specified time period as allowed by law in writing under oath to me.

### DEFINITIONS

As used in these interrogatories, the terms listed below are defined as follows:

1. The terms "you" or "your" refer to each of the Defendants and their employees, servants, agents, and attorneys, and includes every other individual who, as a representative of such party, can be required by the party to furnish documents or information.

2. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34(a), and it is to have the broadest possible

meaning thereunder. A draft or nonidentical copy is a separate document within the meaning of this term.

3. The term "communication" means conversations (whether face-to-face, by telephone or otherwise), e-mail, correspondence, memoranda, meetings, discussions, telegrams, releases, and all other means of exchanging or imparting information.

4. The terms "and" and "or" shall be either conjunctive or disjunctive; "all" means "any and all"; "including without limitation"; and "he" or any other masculine pronoun includes any individual regardless of gender.

5. When an interrogatory calls upon you to "state the basis" of a particular claim, assertion, allegation or conclusion in your pleadings, or in your answers to interrogatories, your answer should:

1. identify each and every document that forms, constitutes, evidences, relates, or refers to directly or indirectly any part of the source or your information regarding the alleged facts and your conclusion based thereon;

2. identify each and every oral communication that forms any part of the source of your information regarding the alleged facts and your conclusions; and

3. state separately the acts or omissions to act on the part of any person(s) that contributes to, or form the basis of, your information regarding the alleged facts and your conclusions, and identify the acts or omissions to act by stating their nature, time, place, and identifying the person(s) involved.

## INSTRUCTIONS

1. Plaintiff requests that you continue to supplement and amend your responses as prescribed by Mass. R. Civ. P. 26(e).

2

2. If an objection is made to an interrogatory, specify the precise ground of the objection and answer the rest of the question as fully to your ability.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the person responding to these interrogatories and state whether the person responding has consulted all records of Defendants and conferred with all agents, servants, and/or employees of Defendants regarding the matter before answering these interrogatories.

### INTERROGATORY NO. 2:

Identify (a) each person who provided any information, directly or indirectly to answer these interrogatories (indicating by interrogatory number each answer for which such person provided information); (b) each person mentioned in your answers to these interrogatories.

### INTERROGATORY NO. 3:

Set forth in detail all facts and identify all documents that you contend support your allegations that I put darts in your door, that I left a dart at your door, and/or a dart(s) in your door.

### INTERROGATORY NO. 4:

Set forth in detail the identities and dates of all individuals to whom you communicated that I put darts in your dart, that I left a dart at your door, and/or dart(s) in your door.
Set forth in detail all facts and identify all documents that you content support your allegation that I was sexually delusional.

### INTERROGATORY NO. 5:

Set forth in detail all facts and identify all documents that you contend support your allegation that any statements made by you about me were true.

3

**INTERROGATORY NO. 6:**

Excluding Mark Albini, M.D., set forth in detail all communications that you had which included me to anyone and/or specifying the following:

 (a) the identity or identities of whom the communications were made to

 (b) the content of the communications that you made

 (c) the date(s) that the communications were made on

 (d) whether or not you obtained permission from me to have communications with the individual(s) prior to contacting them

**INTETRROGATORY NO. 7:**

Set forth in detail all facts that you communicated to salon.com and/or individual.

**INTERRROGATORY NO. 8:**

Set forth in detail all facts and identify all documents that you contend support your allegation that the statements attributed to you are not defamatory.

**INTERROGATORY NO. 9:**

Identify any persons not otherwise identified in your answers to these interrogatories who have any knowledge of any facts relevant to this litigation, whose name is listed in my Complaint dated March 30, 2005, or who may be called as a witness at the trial of this matter. For each person identified, set forth in detail, the nature of the knowledge and information possessed by that person, as well as their business address, business telephone number, business fax number, e-mail address, home address, and anticipated new business and home addresses, including as well in that answer the identity of a stripper who you have had sexual relations with, a woman named Natalie who you dated, a nurse who you dated, a

woman named Vicki who you dated, a woman named Nancy who you dated, and a woman named Erin who you dated.

**INTERROGATORY NO. 10:**

With respect to each witness whom you will or may call as an expert to give opinion testimony in the trial of this matter, state the following:

- (a) name and address of expert and his employer
- (b) the substance of facts to which he is expected to testify
- (c) the substance of opinions to which he is expected to testify and a summary of the grounds for each opinion
- (d) the basis of the expert's opinion
- (e) the dates of all reports rendered by the expert
- (f) identify each document that has been received by or from the expert, authored by the expert, in whole or in part forms the basis of such expert's knowledge and or opinions, or in whole or in part states, summarizes and/or relates to such expert's knowledge and or opinions.
- (g) identify each and every document that forms, constitutes, evidences, relates, or refers to directly or indirectly any part of the source or the expert's information regarding the alleged facts and the expert's conclusions based thereon;
- (h) identify each and every oral communication that forms any part of the source of the expert's information regarding the alleged facts and their conclusions
- (i) state separately the acts or omissions to act on the part of the expert that contributes to, or form the basis of, their information regarding the alleged facts

5

and their conclusions, and identify the acts or omissions to act by stating their nature, time, place, and identifying the person(s) involved.

**INTERROGATORY NO. 11:**

Identify all experts retained by Defendants in anticipation of litigation or in preparation for trial, but who are not expected to be called as a witness at trial and as to each:

a. state the date retained by Defendants and

b. describe the experts's field of expertise

**INTERROGATORY NO. 12:**

Identify all experts retained by Defendants in anticipation of litigation or in preparation for trial, but who are not expected to be called as a witness at trial and as to each:

a. state the date retained by Defendants and

b. describe the expert's field of expertise.


**INTERROGATORY NO. 13:**

Identify the substance and dates of all conversations and/or communications whether oral or written between you, and other(s) about the me and/or matters at issue in this case.


**INTERROGATORY NO. 14:**

Identify the substance and dates of all conversations and/or communications whether oral or written, between you and any third party (excluding your attorney) about the matters at issue in this case.


**INTERROGATORY NO. 15:**

6

Identify each insurance agreement that may satisfy part of or all of a judgment that may be entered in this action, or that my indemnify or reimburse payments made to satisfy such a judgment, by stating the name and address of the insured, the dates of coverage, the name and address of the insurer and the policy limits.

### INTERROGATORY NO. 16:

Identify by claimant, date, court, docket number and final disposition any and all complaints, claims, or legal actions against you or by you.

### INTERROGATORY NO. 17:

What was the content of any communications that you made to Rebecca Blenkstein on what dates and what was the content of any communications that she made to you?

### INTERROGATORY NO. 18:

What was the methodology that you employed to reach the opinion that Plaintiff was in danger of being raped by Jonathen Robbins?

### INTERROGATORY NO. 19:

Set forth in detail the identities and dates of all individuals to whom you communicated that I put darts in your dart, and/or that I left a dart in your door.

### INTERROGATORY NO. 20:

State any investigation, pre-cautions, and or actions that you took to safe guard my reputation prior to communicating that I put dart(s) in your door and/or that I left a dart at your door.

### INTERROGATORY NO. 21:

What was the content of Marshall Forstein's communications to you from or about January 1, 2005 through present and your communications to him?

### INTERROGATORY NO. 22:

7

What was the content of Duncan Maccourt's communications to you on what dates from on or about December 26, 2005 through present and your communications to him?

**INTERROGATORY NO. 23:**

What was the content of Toby Markowitch's communications to you on what dates and what was the content of your communications to him?

**INTERROGATORY NO. 24:**

What was the contest of your father Robert Vidavir to you on what dates and what was the content of your communications to him from December 25, 2004 onwards?

**INTERROGARORY NO. 25:**

What was the content of your mother Virginia Vidavir to you on what dates and what was the content of your communications to her from Dec. 25, 2004 onwards?

Dated: March 31, 2005

By: _____
Lisa Jacobs
Pro Se
20 Colchester Road
Weston, MA 02493
(781)-899-9774

8

2005 MAR 31 P 5: 12

### CERTIFICATE OF SERVICE

I certify that on March 31, 2005 I served a copy of the within on the Plaintiff by hand to the Plaintiff's attorney of record, namely Joe Amaroso, August & Simmons, 161 Third St. Cambridge MA 02141.

_____

17