```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

LISA JACOBS,                   )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 05-10632-DPW
                               )
ROBERT VIDAVIR, et al.,        )
          Defendants.          )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff shall demonstrate good cause, in writing why this action should not be dismissed.

## FACTS

On March 30, 2005, Plaintiff Lisa Jacobs, a citizen of Massachusetts, filed her self-prepared complaint alleging several state tort causes against Robert Vidavir, his law firm and psychiatric practice.  See Complaint ("Compl."), generally.

Plaintiff alleges subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a), by reason of diversity of citizenship. Id. at ¶ 6.  Plaintiff alleges that defendant Robert Vidavir is a citizen of New Hampshire with a long-standing permanent residence in Henniker, New Hampshire.  Id. at ¶4.  Plaintiff further alleges that defendant Vidavir conducts both a medical and legal practice in Massachusetts and is a part-time resident of Somerville, Massachusetts.  Id. at ¶¶ 2, 3, 5.

Plaintiff's complaint includes the following four causes of action: (1) legal malpractice; (2) medical malpractice; (3) defamation of character; and (4) breach of fiduciary duty. Id. at pages 7 - 8. Specifically, plaintiff alleges that as early as December 2001, defendant Vidavir seduced her and she subsequently became romantically involved with him. Id. at ¶ 8. She contends that defendant represented her and provided her with both legal advice and medical care. Id. at ¶¶ 10-12. She complains that defendant caused her to lose a marriage proposal from Jonathen Robbins. Id. at ¶¶ 14, 38.

Plaintiff further alleges that after finding a dart on his apartment door on or about January 18, 2005, defendant spoke to several individuals, including two psychiatrists at Cambridge Hospital, about his belief that (1) plaintiff placed the dart in his door; and (2) he diagnosed plaintiff as being sexually delusional. Id. at ¶ 20-25. Plaintiff further alleges that her two accounts with Salon.com were disabled after defendant repeated these allegations to Salon.com. Id. at ¶ 26.

Plaintiff contends that defendant's statements are false and harmed her reputation as a physician. Id. at ¶¶ 27, 29. In addition to being denied employment at Cambridge Hospital, plaintiff alleges economic loss, mental suffering, emotional

distress, humiliation, reputational harm, denial of employment, loss of services, monetary loss, prejudice in her profession and prejudice in her business. Id. at ¶¶ 33, 36.

Plaintiff complains that on or about March 18, 2005, defendant provided information concerning plaintiff to attorney Joseph Amoroso. Id. at ¶ 36.

Plaintiff seeks monetary damages in the amount of $75,001.00. Id. at ¶ 6.

## ANALYSIS

I.  The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915. See 28 U.S.C. § 1915.

Under Section 1915, a district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on

an indisputably meritless legal theory or factual allegations that are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Here, the Court lacks subject matter jurisdiction over plaintiff's claims because she cannot satisfy the complete diversity requirement of Section 1332.

>    II.   This Court Lacks Subject-Matter
>          Jurisdiction Over Plaintiff's Claims

In order for this Court to review plaintiff's claims, it must either have (1) diversity or (2) federal question subject-matter jurisdiction.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

Jacobs does not refer to any federal statute for purposes of federal question jurisdiction.  28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) ("federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States"); see City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997) (a claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint).

Although plaintiff alleges the diversity as the basis for federal subject matter jurisdiction over this action, the

diversity statute requires "complete diversity" of the parties and an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332. Without addressing the amount in controversy requirement, it appears from the complaint that plaintiff and at least two of the defendants are citizens of Massachusetts.

In addition to bringing suit against defendant Vidavir, plaintiff brings this action against defendant's Massachusetts psychiatric practice at Cambridge Hospital, Cambridge, Massachusetts as well as defendant's Massachusetts legal practice at 289 Highland Avenue #401, Somerville, Massachusetts. Therefore, complete diversity does not exist. 28 U.S.C. § 1332(a); Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) ("Under 1332(a)(1) there is diversity of citizenship if the plaintiff is a "citizen" of a different state than all of the defendants.") (emphasis added).

Moreover, the allegations in the complaint concerning defendant Vidavir's residence raises questions as to whether he is in fact a citizen of Massachusetts, rather than New Hampshire. Plaintiff alleges that defendant Vidavir is a citizen of New Hampshire with a part-time residence in Massachusetts. However, a person is a citizen of the state in which he is domiciled. Lundquist v. Precision Valley Aviation,

Inc., 946 F.2d at 10.  "A person's domicile 'is the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning.'" Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal citation omitted).

Without resolving defendant Vidavir's citizenship at this time, the Court recognizes that plaintiff and at least two of the defendants are citizens of Massachusetts.  Therefore, complete diversity does not exist.  See 28 U.S.C. § 1332(a); see also Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (following the complete diversity rule first enunciated by the Supreme Court in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)); Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 642 (1st Cir. 1995) (same).

## CONCLUSION

ACCORDINGLY, plaintiff shall demonstrate good cause, in writing, why this action should not be dismissed within thirty-five (35) days of the date of this Memorandum and Order, for the reasons stated above, or this action will be dismissed without further notice.

Dated at Boston, Massachusetts, this 5th day of April, 2005.

```
                                /s/ Douglas P. Woodlock
                                DOUGLAS P. WOODLOCK
                                UNITED STATES DISTRICT JUDGE
```